UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| THE ESTATE OF USAAMAH ABDULLAH RAHIM,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>Defendants. | Civil Action No. 1:18-cv-11152-IT |

**PROTECTIVE ORDER**

Upon consideration of the United States' Motion for a Protective Order, IT IS HEREBY ORDERED as follows:

1. For purposes of this Order, "Protected Information" shall be: (1) the names of the individuals identified by the United States as the "John Does Nos. 1-7" ("Doe Defendants 1 to 7") referenced in Plaintiff's Complaint.

2. Except as otherwise ordered by this Court or provided herein, Protected Information may be disclosed only to the following persons: (a) attorneys of record for the Plaintiff in this case; (b) any persons regularly in the employ of, or persons contracted to perform services for attorneys of record for, the Plaintiff to the extent reasonably necessary for the prosecution of this action; (c) attorneys of record for the United States in this case; (d) persons regularly in the employ of such attorneys to the extent reasonably necessary to render professional services in this case; (e) employees of federal agencies as deemed necessary by counsel for the United States; and (f) this Court and its support personnel who are involved in

this case.

3. Except as provided herein, no person having access to Protected Information shall make any disclosure of Protected Information without further Order of the Court.

4. Except as provided herein, no person having access to Protected Information pursuant to paragraph 2 (a)-(b) above shall use or disclose Protected Information for any purpose other than prosecuting this action. "Prosecuting this action" does not include contacting directly or indirectly in any manner, except through counsel for the United States, any of the persons whose names are identified as Protected Information, and who are represented parties. Attorneys of record for Plaintiff and any persons regularly in the employ or contracted to perform services for attorney of record for Plaintiff may not disclose the Protected Information to Plaintiff.

5. Except for the individuals described in paragraph 2 (c)-(f) above, all individuals to whom Protected Information is disclosed shall be informed of and shall agree with the terms of this Order; shall not disclose or use the Protected Information except in compliance with this Order; and shall, before receiving Protected Information, acknowledge their agreement to comply with this Order by signing a copy of the attached acknowledgment form. A copy of each such acknowledgment form must be provided promptly after its execution to counsel for the United States.

6. Each party reserves the right to move to modify the terms of this Protective Order at any time, and each party reserves the right to oppose any motion to modify the terms of the Protective Order.

7. Any documents, briefs, or other materials containing Protected Information shall be filed publicly with the Protected Information redacted, or otherwise concealed through the

use of a pseudonym. The pseudonym for the individual identified by the United States as the individual referred to in Plaintiff's Complaint as "John Doe 1" shall be "John Doe 1" or "Doe Defendant 1." The pseudonym for the individual identified by the United States as the individual referred to in Plaintiff's Complaint as John Doe 2 shall be "John Doe 2" or "Doe Defendant 2." The pseudonym for the individual identified by the United States as the individual referred to in Plaintiff's Complaint as John Doe 3 shall be "John Doe 3" or "Doe Defendant 3." The pseudonym for the individual identified by the United States as the individual referred to in Plaintiff's Complaint as John Doe 4 shall be "John Doe 4" or "Doe Defendant 4." The pseudonym for the individual identified by the United States as the individual referred to in Plaintiff's Complaint as John Doe 5 shall be "John Doe 5" or "Doe Defendant 5." The pseudonym for the individual identified by the United States as the individual referred to in Plaintiff's Complaint as John Doe 6 shall be "John Doe 6" or "Doe Defendant 6." The pseudonym for the individual identified by the United States as the individual referred to in Plaintiff's Complaint as John Doe 7 shall be "John Doe 7" or "Doe Defendant 7."

8. As a supplement to the public filing of any documents, briefs, or other materials concealing Protected Information through the use of a pseudonym or redactions, a party may file under seal said briefs, documents, or other materials containing the Protected Information without concealment. Neither party nor any third party may use Protected Information in open Court, orally or through documents, without first obtaining the written consent of the Department of Justice or an Order from the Court ruling that the Protected Information is relevant and may be publicly disclosed.

9. Except as provided herein, within ninety (90) days of the conclusion of this case (including any appeals), documents, discovery requests, discovery responses, transcripts, and

other materials, and all copies thereof, containing Protected Information must be destroyed by persons in possession of such materials containing Protected Information. Within ninety (90) days of the conclusion of this case and any appeals, Plaintiff's counsel and any other person in possession of documents, discovery requests, discovery responses, transcripts, or other materials containing Protected Information must certify in writing that said items, and all copies thereof, containing Protected Information have been destroyed. Within ninety (90) days of the termination of this case, including any appeals, Plaintiff's counsel and any other person in possession of documents, discovery requests, discovery responses, transcripts, or other materials containing Protected Information must also certify in writing that any documents they or their attorneys or agents have created which contain Protected Information derived solely from those protected documents, discovery requests, discovery responses, transcripts, or other materials have been destroyed. Notwithstanding the foregoing provisions of this paragraph, no person is required to destroy any document that has been publicly filed with this Court or with a court of appeals of competent jurisdiction in connection with this case; further, this paragraph does not apply to the United States, its employees, its attorneys, or persons hired or in the employ of its attorneys; or to this Court or its support personnel.

10. Neither the United States nor any of its officers, employees, or attorneys shall bear any responsibility or liability under the Privacy Act for any unauthorized disclosure of any Protected Information obtained under this Order.

11. This Order does not constitute any ruling on the question of whether any particular document or category of information is properly discoverable and does not constitute any ruling on any potential objection to the discoverability, relevance, or admissibility of any document or information. Nor does this Order constitute any ruling on the question of whether

the United States may withhold any particular document or category of information on the basis of privilege.

12. This Order does not apply to any information or documents other than the Protected Information as defined in paragraph 1.

13. Nothing in this Order shall limit this court's power to make orders concerning the disclosure or impoundment of documents produced in discovery or at trial. To that end, a party seeking to file such documents under seal shall make a particularized showing for the need for impoundment.

SO ORDERED.

Dated: 8/27/2018

/s/ Indira Talwani
Hon. Indira Talwani
United States District Judge

# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| THE ESTATE OF USAAMAH ABDULLAH RAHIM,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>Defendants. | Civil Action No. 1:18-cv-11152-IT |

## ACKNOWLEDGMENT OF PROTECTIVE ORDER

I, _____, hereby acknowledge, under penalty of perjury, that I have read the Protective Order entered by this Court on _____, 2018. I am familiar with the specific terms of the Protective Order and agree to be bound by its provisions. I further understand that I am subject to the contempt powers of this Court for violation of the Protective Order.

Date: _____    Signed: _____