UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| THE ESTATE OF USAAMAH ABDULLAH RAHIM, | * * * | |
| Plaintiff, | * * | |
| v. | * * | Civil Action No. 1:18-cv-11152-IT |
| UNITED STATES OF AMERICA, JOHN DOE 1, and JOHN DOE 2, | * * * | |
| Defendants. | * | |

MEMORANDUM & ORDER

May 8, 2020

TALWANI, D.J.

On June 2, 2015, law enforcement officers in Boston, Massachusetts, shot and killed Usaamah Abdullah Rahim. Plaintiff Rahimah Rahim, in her capacity as the personal representative for Usaamah Rahim's estate, filed suit against Defendant Boston police officer John Doe 2 and others, alleging that the law enforcement agents' use of deadly force violated Usaamah Rahim's Fourth Amendment rights and state law. Defendant John Doe 2's pending Motion to Dismiss [#36] for failure to state a claim relies on the Report of Suffolk County District Attorney Daniel F. Conley on Findings in the June 2, 2015, Shooting Death of Usaamah Abdullah Rahim (the "Report"). The court declines to consider the Report under Fed. R. Civ. P. 12(b)(6). Accordingly, Defendant's Motion to Dismiss [#36] is DENIED without prejudice to Defendant raising his legal arguments through a motion for summary judgment.

I.  Consideration of the Report

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the well-pleaded facts in a plaintiff's complaint must "state a claim to relief that is plausible on its face."

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). In evaluating whether the complaint states a claim, the court accepts as true all well-pleaded facts in the complaint and draws all reasonable inferences in the light most favorable to the plaintiff. United States ex rel. Hutcheson v. Blackstone Med., Inc., 647 F.3d 377, 383 (1st Cir. 2011). A court may consider "facts and documents that are part of or incorporated into a complaint," but if materials outside the complaint are considered, the motion ordinarily "must be decided under the more stringent standards applicable to a Rule 56 motion for summary judgment." Trans-Spec Truck Serv., Inc. v. Caterpillar Inc., 524 F.3d 315, 321 (1st Cir. 2008).

John Doe 2 argues that, because Plaintiff refers to and quotes from the Report, the court should therefore consider the facts set forth in the full Report when deciding his motion to dismiss. Def's Mem. in Support of Mot. to Dismiss 2 n.2, 5 [#37].

The exception on which Defendant relies is narrow, Alt. Energy, Inc. v. St. Paul Fire and Marine Ins. Co., 267 F.3d 30, 33 (1st Cir. 2001), allowing courts to consider "the relevant entirety of a document integral to or explicitly relied upon in the complaint . . . without converting the motion into one for summary judgment." Clorox Co. P.R. v. Proctor & Gamble Comm. Co., 228 F.3d 24, 32 (1st Cir. 2000) (quoting Shaw v. Digital Equip. Corp., 82 F.3d 1194, 1220 (1st Cir. 1996)) (emphasis added). That a complaint mentions a document, or even repeatedly refers to the document, is not enough, if that document is not "integral to" the claim or "explicitly relied upon" as a basis for liability.

In Beddall v. State St. Bank & Trust Co., for example, the court explained that when "a complaint's factual allegations are expressly linked to – and admittedly dependent upon – a document (the authenticity of which is not challenged), that document effectively merges into the pleadings and the trial court can review it in deciding a motion to dismiss under Rule 12(b)(6)." 137 F.3d 12, 17 (1st Cir. 1998). Beddall concerned a claim based on a trust agreement that spelled

out the defendant trustee's duties and obligations. In upholding the district court's scrutiny of that agreement, the First Circuit explained that by plaintiff's own admissions, her allegations rested on that document. Id. ("the complaint predicates the plaintiffs' claims regarding the existence of the [trustee]'s ostensible fiduciary duties solely on the Agreement, not on external events"). That is, the factual allegations were "admittedly dependent upon" the trust agreement because the plaintiff's claim asserted that duties spelled out in that agreement were breached. See also Fudge v. Penthouse Int'l, Ltd., 840 F.2d 1012, 1015 (1st Cir. 1988) ("here the article was not merely referred to in plaintiffs' complaint but was absolutely central to it. Plaintiffs unquestionably would have had to offer a copy of the article in order to prove their case.").

Here, while Plaintiff cites and quotes parts of the Report, Plaintiff does not allege that the Report itself gives rise to Defendant's duties or Defendant's liability. Unlike cases where, for example, claims of breach of contract or libel rest on operative documents, see, e.g., Beddall, 137 F.3d at 16-17; Alt. Energy, 267 F.3d at 34 (considering parties' prior settlement agreement as plaintiff's claim depended directly on interpreting the agreement); Fudge, 840 F.2d at 1015 (considering allegedly libelous article that formed basis of libel claim), or procedural defenses are raised based on undisputed records, see Jorge v. Rumsfeld, 404 F.3d 556, 559 (1st Cir. 2005) (considering administrative agency's right to sue letter, and plaintiff's notice of retirement, as claim depended on statute of limitations and administrative exhaustion), Plaintiff's claims alleging a Fourth Amendment violation and various torts are based on the events that occurred on June 2, not the subsequent investigation or the report of that investigation.

In sum, while Plaintiff cites to and quotes from the Report to support some of Plaintiff's factual allegations, the court does not find that Plaintiff's complaint incorporates the balance of the Report. Defendant may challenge Plaintiff's version of events (and fill in gaps where the complaint is silent) on summary judgment or at trial, but on the motion to dismiss the court

accepts Plaintiff's well-pleaded facts as true.

II.     Conclusion

Confined to consideration of Plaintiff's allegations in her operative complaint, the court finds that Plaintiff has stated claims upon which relief can be granted under Fed. R. Civ. P. 12(b)(6).  Accordingly, John Doe 2's Motion to Dismiss [#36] is DENIED without prejudice to raising the legal arguments in a motion for summary judgment.

IT IS SO ORDERED.

Date:   May 8, 2020                                                            /s/ Indira Talwani
                                                                               United States District Judge